# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# EASTERN DIVISION

| | |
|---|---|
| Regan Berg, Jennifer Berg, and Brian Berg, | ) )  )  **ORDER GRANTING DEFENDANTS'**  |
| Plaintiffs, | )  **PARTIAL MOTION TO DISMISS** )  |
| vs. | )  Case No. 3:21-cv-87 )  |
| Fargo Public School District, and Board of Education of City of Fargo, | ) ) )  |
| Defendants. | ) )  |

Before the Court is Defendant Fargo Public School District's (the "School District") and Defendant Board of Education of City of Fargo's (the "Board") (the School District and the Board together, the "Defendants") partial motion to dismiss for lack of statutory standing and for failure to state a claim. Doc. No. 12. Plaintiffs Regan Berg, Jennifer Berg, and Brian Berg (together, the "Bergs") responded in opposition on August 2, 2021. Doc. No. 18. Defendants filed a reply on August 13, 2021. Doc. No. 23. For the reasons below, the motion is granted.

**I.   BACKGROUND**

This case involves allegations of violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et. seq ("Title IX"). The Bergs allege the Defendants' deliberant indifference and "actions and inactions" in response to reported "student-on-student" sexual assaults that occurred at a student's home violated Title IX. At the motion to dismiss stage, the Court accepts the amended complaint's factual allegations as true. See Minn. Majority v. Mansky, 708 F.3d 1051, 1056 (8th Cir. 2013).

From October 2019 to May 2020, Regan Berg was a student attending Judge Ronald N. Davies High School ("Davies") in Fargo, North Dakota. Doc. No. 6, ¶ 6. The School District is

the school district where Davies is located, and the Board is the governing entity of the School District. Id. ¶¶ 8-11. Jennifer and Brian Berg are Regan's parents. Id. ¶ 7.

On October 20, 2019, Regan and Jane Doe were at the Bergs' home with John Doe 1 and John Doe 2. Id. ¶ 33. Regan, Jane Doe, and John Doe 1 were students at Davies. Id. John Doe 2 was a student at Fargo North High School ("North") in Fargo, North Dakota. Id. As alleged, that day, Regan was sexually assaulted by both John Doe 1 and John Doe 2, and Jane Doe was sexually assaulted by John Doe 1. Id. The assaults were reported to the Fargo Police Department the same day. Id. ¶ 34. The following day, October 21, 2019, Regan, her parents, and Jane Doe met with the Davies principal, the Davies school resource officer, and a counselor and informed them of the assaults. Id. ¶ 35.

At the October 21 meeting, several matters were discussed, and steps were proposed to try to mitigate the interactions between Regan and Jane Doe with John Doe 1. Id. Davies proposed implementing a safety plan and indicated it would attempt to keep the students separated. Id. Further, Regan and Jane Doe were provided a designated "safe room" at Davies for Regan and Jane Doe to use at their discretion. Id. However, during the meeting, Davies also informed Regan and Jane Doe that they were suspended[1] from the gymnastics team for six weeks because there was alcohol present at the Bergs' home on October 20, 2019, consistent with the School District's policies. Id. ¶ 36.

As alleged by the Bergs, John Doe 1 was not similarly punished. In mid-November 2019, Jennifer Berg contacted Todd Olson, the School District's Director of Activities and Programs, concerning John Doe 1's continued participation in extracurricular activities at Davies. Id. ¶¶ 41-44. Mr. Olson told Jennifer Berg that John Doe 1 and John Doe 2 would be removed from athletic

---

[1] Regan later voluntarily quit the gymnastics team.

2

teams if they were charged with a crime or delinquent act. Id. ¶ 43. John Doe 1 was ultimately removed from the Davies basketball team in December 2019. Id. ¶ 45.

Between December 2019 and February 2020, Jennifer Berg routinely engaged in various correspondence with employees from Davies, North, and the School District regarding the potential repercussions for John Doe 1 and John Doe 2 following the report of the sexual assaults, whether investigations into the assaults were being conducted, and to provide updates on the related criminal cases. Id. ¶¶ 46-55. Jennifer Berg also provided Davies and North a copy of a protection order, issued by a North Dakota juvenile court, which prohibited John Doe 1 and John Doe 2 from having any contact with Regan and prohibited them from coming within 300 yards of her, except where unavoidable in class. Id. ¶ 53. Eventually, Jennifer Berg followed up on the protection order with the Davies school resource officer, who informed Jennifer that John Doe 1 was no longer a student at Davies. Id. ¶ 55.

As would be expected, the events as alleged in the amended complaint had a significant impact on Regan. Prior to the assault, Regan was a high-performing and involved student. Id. ¶ 64. After the assault, the amend complaint alleges that her grades suffered, and she experienced anxiety. Id. ¶¶ 65-66. And sadly, in April 2020, Regan attempted suicide. Id. ¶ 73.

The Bergs filed their initial complaint against the Defendants on April 16, 2021 (Doc. No. 1) and filed an amended complaint on April 27, 2021 (Doc. No. 6). The amended complaint pleads three counts against the Defendants: (1) sex discrimination and deliberate indifference in violation of Title IX; (2) "sex discrimination" in violation of the School District's policies; and (3) a North Dakota state law negligence claim. Id. All claims are brought by Jennifer and Brian Berg,

individually, and on behalf of their child, Regan,[2] and by Regan Berg, individually. The Defendants move to dismiss all Title IX claims (count I) asserted by Regan's parents, Jennifer and Brian Berg, for lack of statutory standing. They also move to dismiss Jennifer and Brian Berg's state law negligence claim (count III), as well as count II alleging sex discrimination, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   DISCUSSION

The Defendants raise several arguments in support of their partial motion to dismiss. First, they challenge Jennifer and Brian Berg's statutory standing under Title IX. Second, the Defendants assert Jennifer and Brian Berg failed to plausibly plead their state law negligence claim because they failed to allege the Defendants owed them any duty of care. And finally, the Defendants posit that count II of the amended complaint, which alleges a "sex discrimination" claim, must be dismissed in its entirety, as the alleged claim is not a separate, independent, or legally cognizable cause of action.

### A.   Jennifer and Brian Berg's Statutory Standing Under Title IX

The Defendants first challenge Jennifer and Brian Berg's statutory standing to bring Title IX claims, individually and on behalf of their adult child, Regan. "When a plaintiff alleges injury to rights conferred by statute, two separate standing-related inquiries are implicated: whether the plaintiff has Article III standing (constitutional standing) and whether the statute gives that plaintiff authority to sue (statutory standing)." Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 934 (8th Cir. 2012). Statutory standing is a doctrine employed by courts to avoid jurisdiction when Article III otherwise permits suit. In Lexmark International, Inc. v. Static Control Components,

---

[2] While at the time of the assault Regan was a minor, she has since turned 18 years old and is now an adult.

4

Inc., 572 U.S. 118, 134 S.Ct. 1377, 1388 (2014), the Supreme Court discouraged the use of such prudential standing theories, noting courts should not foreclose a cause of action created by Congress merely because "prudence dictates." Id. Rather, statutory interpretation should be used to determine whether a plaintiff falls within the individuals the statute intended to protect, otherwise known as the "zone of interests." Id. Finding that a plaintiff does not fall within the zone of interests is effectively the same as failing to state a claim. Leyse v. Bank of Am. Nat'l Ass'n, 804 F.3d 316, 320 (3d Cir. 2015) ("statutory standing is not jurisdictional") (citing Lexmark Int'l, Inc., 134 S.Ct. at 1388 & n.4). As such, the question to this Court is whether Jennifer and Brian Berg, as parents, fall within the zone of interests sought to be protected by Title IX, and consequently, whether they have stated a claim to relief.

Under Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). As well summarized in Rossley v. Drake University, 336 F. Supp. 3d 959 (S.D. Iowa 2018):

> Parents are permitted to file discrimination and harassment claims on behalf of their minor children or their deceased adult children. See Lopez v. Regents of Univ. of Cal., 5 F. Supp. 3d 1106, 1114 (N.D. Cal. 2013) (finding the parents of a deceased adult child had standing to bring a Title IX suit and noting "parents do have standing to assert Title IX claims on behalf of a student"); Dipippa v. Union Sch. Dist., 819 F. Supp. 2d 435, 446 (W.D. Pa. 2011) ("[P]arents of a student whose rights were violated . . . do have standing to assert claims on the student's behalf."). However, parents lack standing to bring their own Title IX sex discrimination claims because they have not been subjected to discrimination under an education program or activity. See, e.g., Lopez, 5 F. Supp. 3d at 1114 ("[I]n general, non-students such as parents do not have a personal claim under Title IX."); Seiwert v. Spencer-Owen Cmty. Sch. Corp., 497 F. Supp. 2d 942, 954 (S.D. Ind. 2007) ("Title IX only protects against actions that interfere with educational opportunities or activities. Because there are no educational opportunities or activities that the parents are excluded from, they have no claim."); Burrow ex rel. Burrow v. Postville Cmty. Sch. Dist., 929 F. Supp. 1193, 1199 (N.D. Iowa 1996) (granting summary judgment against the parents of a child because the child was not a minor and neither of her "[p]arents were students at [the high school] nor were they personally excluded

5

from, denied the benefits of or subjected to discrimination under an educational program or activity within the meaning of Title IX").

Id.

In the amended complaint, Jennifer and Brian Berg pleaded <u>individual</u> Title IX claims, in addition to Title IX claims on behalf of Regan, their adult child. In reliance on <u>Dipippa</u>, the Bergs argue that they, as parents, have statutory standing, at a minimum, to pursue reimbursement for the damages they suffered as a results of the Defendants' alleged deliberate indifference. Doc. No. 18. <u>Dipippa</u>, however, is not dispositive.

In <u>Dipippa</u>, the parents brought a Title IX claim both as individuals and on behalf of their minor child. The court noted that parents do not have an "independent cause of action for the parents' own claims." <u>Dipippa</u>, 819 F. Supp. 2d at 446. Said another way, parents do not fall within the "zone of interests" sought to be protected by Title IX and lack statutory standing for individual Title IX claims. <u>Dipippa</u> did recognize, however, that when parents also bring claims on behalf on their <u>minor</u> child, "parents do have standing to pursue the reimbursement for expenses of medical treatment and counseling . . . as a result of the alleged deprivation of rights under Title IX." Id. Here, unlike the facts as presented in <u>Dipippa</u>, where the parents also brought a Title IX claim on behalf of their minor child, Jennifer and Brian Berg allege individual Title IX claims and claims on behalf of Regan, their <u>adult</u> child. As a result, <u>Dipippa</u> is factually distinguishable.

The Court finds <u>Burrow ex rel. Burrow v. Postville Community School District</u> particularly instructive on the specific facts alleged in this amended complaint. 929 F. Supp. at 1193. In <u>Burrow</u>, the court granted summary judgment against the parents who asserted Title IX claims on behalf of their adult child because the adult child was not a minor and neither of her parents "were students at [the high school] nor were they personally excluded from, denied the benefits of or

subjected to discrimination under an education program or activity within the meaning of Title IX." Id. at 1199. Therefore, the court concluded the parents' Title IX claims lacked merit. Id.

As in Burrow, Regan is not a minor child and neither Jennifer or Brian Berg were students at Davies, nor were they personally excluded from, denied the benefits of, or subjected to discrimination under an education program or activity within the meaning of Title IX. Accordingly, Jennifer and Brian Berg are not within the "zone of interests" sought to be protected by Title IX, and consistent with Burrow, they lack statutory standing to assert individual claims and claims on behalf of their adult child under Title IX. Because Jennifer and Brian Berg lack statutory standing, they have failed to state any claim for relief under Title IX. As a result, the Defendants' motion to dismiss as to Jennifer and Brian Berg's Title IX claims (count I of the amended complaint) is granted, and their claims are dismissed with prejudice.[3]

### B. Jennifer and Brian Berg's Negligence Claim

Next, the Defendants move to dismiss Jennifer and Brian Berg's North Dakota state law negligence claim (count III) pursuant to Federal Rule of Civil Procedure 12(b)(6). According to the Defendants, Jennifer and Brian Berg failed to plausibly plead that the Defendants owed them a duty of care. In response, the Bergs argue that the School District's policies addressing investigation and reporting created a duty on behalf of the Defendants to the Bergs, as parents.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal if a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly,

---

[3] Notably, the Defendants did not move to dismiss Regan Berg's individual sex discrimination and deliberate indifference claim under Title IX (count I). Accordingly, that claim remains active.

550 U.S. 544, 570 (2007)). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A plaintiff must plead facts that show more than mere speculation or possibility that a defendant acted unlawfully. Wilson v. Ark. Dep't of Hum. Servs., 850 F.3d 368, 371 (8th Cir. 2017) (citing Iqbal, 556 U.S. at 678). Courts must "review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." Whitney v. Guys, Inc., 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting Zoltek Corp. v. Structural Polymer Grp., 592 F.3d 893, 896 n.4 (8th Cir. 2010)).

While obligated to accept a complaint's factual allegations as true, courts are not required to accept a plaintiff's legal conclusions or a "formulaic recitation of the elements of a cause of action." In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc) (quoting Iqbal, 556 U.S. at 678). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. Whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." In re SuperValu, Inc., 925 F.3d 955, 962 (8th Cir. 2019) (citation omitted).

Under North Dakota law, the elements of a negligence claim are "(1) duty; (2) breach of that duty; (3) causation; and (4) damages." Barbie v. Minko Constr., Inc., 2009 ND 99, ¶ 8, 766 N.W.2d 458. "Generally, the existence of a duty is a preliminary question of law for the court to decide." Id.

Turning to the Bergs' amended complaint, the Court finds the amended complaint does not plausibly allege that the Defendants owed any duty of care to Jennifer and Brian Berg. Although the amended complaint cites M.M. v. Fargo Public School District Number 1, 2010 ND 102, 783 N.W.2d 806, 813, for the proposition that public schools owe their students specific duties,

including the duty to exercise "such care of [students] as a parent of ordinary prudence would observe in a comparable circumstance," the amended complaint does not offer any allegations that the Defendants owed any duty to parents, generally, or to Jennifer and Brian Berg, specifically. Curiously, the Bergs attempt to remedy the factually deficiency in their response by referring to certain provisions from the Davies High School Handbook (the "Handbook"). See Doc. No. 18, pp. 10-11. None of the Handbook provisions, however, establish a duty to the parents beyond notifying parents when certain procedures and/or actions are taken to protect a student. Indeed, even accepting as true the allegations in the amended complaint, there are simply no allegations, factually or legally, that the Defendants owed a duty of care to Jennifer and Brian Berg.

Here, the amended complaint does not plead sufficient facts to plausibly allege that the Defendants owed a duty to Jennifer and Brian Berg. Thus, the claim must be dismissed. Accordingly, the Court grants the Defendants' motion to dismiss Jennifer and Brian Berg's North Dakota state law negligence claim (count III) under Federal Rule of Civil Procedure 12(b)(6).[4]

C.   The "Sex Discrimination" Claim

Finally, the Defendants move to dismiss count II of the amended complaint in its entirety under Rule 12(b)(6). According to the Defendants, the sex discrimination claim is not a separate, independent cause of action – rather, it merely supports and provides further evidence of the lead Title IX claim already pleaded in count I. The Court agrees.

In the amended complaint, count II pleads a claim of "Sex Discrimination In Violation of [the School District's] Policy." Doc. No. 6, p. 17. It pleads allegations like those allegations in count I, stating the Defendants failed to investigate and undergo the formal resolution process in

---

[4] Again, the Defendants did not move to dismiss Regan Berg's individual North Dakota state law negligence claim (count III). Accordingly, that claim remains active.

9

the Handbook. However, as the Bergs acknowledge in their response, the claims in count II "do not stand alone." See Doc. No. 18. There is no separate, independent, legally cognizable cause of action pleaded in count II. Unlike count I, which pleads a violation of Title IX, there is no statutory or common law claim articulated in count II. Indeed, in count II, the Bergs do not identify what, if any, law or statute was allegedly violated, what the alleged "sex discrimination" was in violation of, or what elements support the "sex discrimination" claim. Rather, count II simply offers additional support to Regan Berg's primary sex discrimination and deliberate indifference claim in violation of Title IX, which is properly pleaded in count I.

Because count II does not allege any separate, independent legal claim for "sex discrimination," the Court grants the Defendants' motion and will dismiss count II pursuant to Rule 12(b)(6) without prejudice. For clarity of the record, the Court's dismissal of count II does not, in any way, impact Regan Berg's remaining Title IX and state law negligence claims.

### III.   CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Defendants' motion to dismiss for failure to state a claim and for lack of standing (Doc. No. 12) is **GRANTED**. Jennifer and Brian Berg's claims under Title IX (count I) and their state law negligence claim (count III) are **DISMISSED WITH PREJUDICE**. Count II is **DISMISSED WITHOUT PREJUDICE**. Regan's individual Title IX claim (count I) and state law negligence claim (count III) remain active claims.

**IT IS SO ORDERED**.

Dated this 29th day of December, 2021.

/s/ Peter D. Welte
Peter D. Welte, Chief Judge
United States District Court